G. Robert Witmer, J.
This is a proceeding under article 78 of the Civil Practice Act to review and annul the action of the respondent Zoning Board of Appeals of the Town of Webster in granting a use district exception to intervenor, the Webster Swimming Club, Inc. Two hearings were held before the respondent board, at which times intervenor was known as the Sunset Recreation Club. Thereafter it incorporated under the name of Webster Swimming Club, Inc. At the first hearing upon the application for an exception objections were raised as to the sufficiency of the notice and of the plans and specifications for the proposed swimming pool project, and of the sufficiency of the consents by the neighbors, and no action was taken. A new application was then made, additional consents were filed, additional plans and specifications made and filed, new notices were given and the second hearing was held. In the minutes of this meeting it is recited that the application was made under the provision of the Webster Swimming Pool Ordinance and the Webster Zoning Ordinance.
On April 8, 1955 the Zoning Ordinance of the Town of Webster had been amended to include the following paragraph in section 16-A: “Before entertaining an application for any of the foregoing use district exceptions, the Board of Appeals may by rule require the applicant to file the consents of such use, written and duly acknowledged, by the owners of 60% of the lands within 1000 feet measured in all directions from the nearest point of lands proposed for such use or may require the consent of owners of a greater percentage of lands and a greater measured distance than those herein referred to.” What provision, if any, concerning consents of neighbors was contained in the zoning ordinance of the town before the amendment of April 8, 1955 does not appear.
Pursuant to the above-quoted provision of the ordinance the Zoning Board of Appeals of the Town of Webster on June 28, 1956 adopted rules, in which it was provided that an applicant for certain enumerated use district exceptions, including the *588 kind involved herein, must file with the board the acknowledged consents of owners of record of 60% of the lands within 1,000 feet from the proposed nse.
In the minutes of the second hearing it is recited that the respondent board found that due notice of the hearing had been given and that written consents of more than 60% of the owner-neighbors had been filed. It is admitted that these consents were not duly acknowledged.
After a full hearing the board granted the use district exception, subject to 10 conditions plus the further provision that if in the future there be complaint of violation of any such condition, upon request a hearing shall be held, and if violation be established, the exception may be terminated by the board.
In this proceeding for review, petitioners question the sufficiency of the plans before the board and the adequacy of the provisions for the protection of the health and safety of the neighbors. From the return it is clear that there was evidence before the board sufficient to support their decision. Certainly there is no basis for this court to hold that the board acted arbitrarily or unreasonably; and this point of petitioners is dismissed as having no merit in law.
Petitioners’ principal contention in this proceeding is that the board lacked jurisdiction to act upon the application because the consents of the neighbors were not duly acknowledged. (Parenthetically, it may be added that petitioners also argue in their brief that actually less than 60% of the neighbors signed the consents. The ordinance and rule, however, require only the consents of the owners of record of 60% of the neighboring lands; and since the board found that such consents were filed, and no showing to the contrary is made or offered to be made, this point is not considered further. Moreover it also depends upon the validity of the requirement of consents, which is considered hereinafter.)
Respondent board and intervener ask the court to hold that the provision in the ordinance and in the rule based thereon requiring consents is unconstitutional and void. Petitioners contend that respondents and intervenor may not raise such issue of constitutionality in this proceeding, but must resort to an action for declaratory judgment for such determination. It is true that such is the usual practice (see Matter of Diocese of Rochester v. Planning Bd. of Brighton, 1 N Y 2d 508, 519-520 and dissenting opinion, pp. 527-529); but it is not always followed. (See Matter of Concordia Collegiate Inst. v. Miller, 301 N. Y. 189.)
*589 In the Miller case (supra) there had been a zoning ordinance which placed the college in a district which expressly permitted educational buildings. The ordinance was then amended so as to provide that no more educational buildings could be erected in that district without a variance being obtained from the Zoning Board, and that the board could grant such variance only upon the acknowledged consents of 80% of the neighboring owner. An article 78 proceeding was brought to compel the board to grant a variance without such consents. The court held that the amendment was unconstitutional, that the ordinance as it originally existed remained effective, and that the variance must be granted.
In the ease at bar it will be observed that the ordinance itself does not require consents of neghboring owners. It merely authorizes the Board of Appeals to make a rule requiring consents and it purports to give them quite unlimited discretion in the establishment of such rule. Whether the authority is so broad as to constitute an unlawful delegation of legislative power need not here be determined. It is sufficient to note that the Town Board did not place any requirement in the ordinance that consents of neighboring owners need be obtained; and so it cannot be said that granting a use district exception without such consents would be contrary to any policy fixed by the Town Board, nor that the Zoning Board acted in violation of the ordinance.
The rule adopted by the Zoning Board of Appeals requires the consents of the owners of record of 60% of the lands of neighbors within 1,000 feet. The Court of Appeals in the Miller case (supra) held that a similar provision in an amendment to a zoning ordinance amounted to an unnecessary and unreasonable restriction upon the use of property in a case of this nature. It held in part that it placed in the hands of adjoining owners an absolute veto of a use of petitioner’s property, without any established standard for decision and action. It is noted that this is not a case of an offensive use of premises, but a use recognized as beneficial to the health and general welfare of the community.
It is held, therefore, that the portion of said rules adopted by the Zoning Board of Appeals which requires acknowledged consents of owners of record of 60% of the lands of neighbors is unlawful, invalid and void.
Petitioners argue that if the rule is held to be unconstitutional and void, the whole ordinance must fall, as a result of which automatically the ordinance in effect prior to the general *590 amendment of April 8, 1955 becomes reinstated, similar to the result obtained in the Miller case (supra); and they contend that in such case this matter should be sent back for rehearing under such pre-existing ordinance. ■
This court is holding that the rule of the Zoning Board of Appeals is void. By necessary implication the effect of the holding is that the above-quoted portion of section 16-A of the Zoning Ordinance is also void. By section 18 of the ordinance the Town Board provided: “Validity: Should any section or provision of this Ordinance be decided by the courts to be unconstitutional or invalid, such decision shall not affect the validity of the Ordinance as a whole or any part thereof other than the part so decided to be unconstitutional or invalid.” The invalid provision in the ordinance was of a permissive nature only and clearly not an essential part of the plan and scope of the ordinance. In view of the quoted separability clause of the ordinance, it is not necessary or proper for the entire ordinance to be declared nugatory because of the invalidity of this provision.
In conclusion, it is held that the respondent board had jurisdiction to entertain the application for use district exception, that it did not abuse its discretion in granting the exception, and that the petition herein must be dismissed.
Submit order accordingly.